# In the United States Court of Federal Claims

No. 23-76
(Filed: July 7, 2023)

```
* * * * * * * * * * * * * * * * *  *
                                   *
DANIELLE STEPHENS,                 *
                                   *
                Plaintiff,         *
                                   *
        v.                         *
                                   *
THE UNITED STATES,                 *
                                   *
                Defendant.         *
                                   *
* * * * * * * * * * * * * * * * *  *
```

    *Danielle Stephens*, *pro se*, of Tulsa, OK.

    *Sean K. Griffin*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

    *Pro se* Plaintiff, Danielle Stephens, filed a complaint on January 18, 2023, seeking money damages for a variety of claims against the United States. Although difficult to grasp the precise nature of her complaint, Plaintiff's action appears to arise out of a mortgage contract she entered into with a private bank. In response to the complaint, the government filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") or, alternatively, for failure to state a claim under RCFC 12(b)(6). As is further explained below, the Court lacks subject matter jurisdiction; therefore, the government's motion to dismiss under Rule 12(b)(1) is granted.[1]

---

[1] Because the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims, it will not address the government's RCFC 12(b)(6) arguments.

## BACKGROUND

Plaintiff filed this action against the United States on January 18, 2023. *See generally* ECF No. 1 ("Compl.").[2] Fashioning the pleading as a "New Complaint of Taking," *id.* at 1, Plaintiff levies a number of general allegations against the United States, including that she "was never informed of the right to rescind" as a debtor, that the United States "stole [her] identity and opened a credit account," and that it "enslaved the Plaintiff for years" because she had to "get a second job to sustain her life due to the increase of the mortgage." *Id.* at 4–5. Plaintiff also lists several constitutional and statutory provisions that she alleges the United States violated. *Id.* at 4, 8–11; *see also* ECF No. 11 ("Motion") at 1–2 (summarizing statutes that Plaintiff mentions in her complaint).

As the government details in its motion, the foundation of Plaintiff's complaint appears to be issues with a mortgage loan for a residential property in Tulsa, Oklahoma. *See* ECF No. 1-2 at 5–9, 26–27. Particularly, it appears that Plaintiff believes she "was never informed of the right to rescind" her mortgage contract and "made those payments for years" without knowledge of some purported violation of law. Compl. at 4–5. This mortgage, and the surrounding allegations, are also at the center of an action brought by Plaintiff against Midfirst Bank and the City of Tulsa in the U.S. District Court for the Northern District of Oklahoma. *See generally* Complaint, *Stephens v. Midfirst Bank*, No. 4:22–cv–242–JFH–JFJ (N.D. Okla. filed June 3, 2022), ECF No. 1. Indeed, her allegations against Midfirst Bank (doing business as, and referred to hereinafter as, "Midland Mortgage") in her district court action mirror a large portion of the allegations against the United States in the complaint filed in this case. *Compare id.* ¶¶ 14–23 *with* Compl. at 4–7 (¶¶ 2–10, 16). Her complaint often simply inserts "United States" into allegations where "Midfirst Bank" was previously placed in the earlier filed complaint in the district court.[3]

The government argues that this Court lacks jurisdiction over Plaintiff's action because her claims are not based on a money-mandating source of law, Motion at 4–7, as is required to invoke this Court's jurisdiction. *See* 28 U.S.C. § 1491(a). Although Plaintiff suggests the existence of a contract between her and the United States, the government asserts that no such contract exists and that Plaintiff has failed to plead any facts that would demonstrate the formation of a contract and a subsequent breach. Motion at 4. Indeed, the government contends that the contract to which Plaintiff refers is a mortgage contract with US Mortgage Corporation,

---

[2] This is not the first time Plaintiff has filed a case in this Court; in fact, she recently filed two cases in the fall of 2022. The first, related to the purchase of a vehicle from a private company, was eventually dismissed for lack of subject matter jurisdiction. *See Stephens v. United States*, 165 Fed. Cl. 341 (2023). The second suit, similar to the action before the Court now, also appears to have arisen out of a mortgage contract, *see generally* Complaint, *Stephens v. United States*, No. 22–cv–1695 (Fed. Cl. filed Nov. 8, 2022), ECF No. 1, but it was dismissed pursuant to RCFC 41(b) for failure to prosecute after Plaintiff failed to file a proper *in forma pauperis* form or pay the required filing fee, *see id.*, ECF No. 11.

[3] In 2021, Plaintiff also attempted to assert claims against Midland Mortgage and US Mortgage Corporation for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.* *See* Complaint, *Stephens v. US Mortgage Corp.*, 21–CV–335–CVE–SH (N.D. Okla. filed Aug. 17, 2021), ECF No. 1. That action was dismissed for lack of subject matter jurisdiction. *See id.*, ECF No. 4.

which is not affiliated with the United States. *Id.* Because Plaintiff's true claim appears to be against a private party or parties, the government argues that this Court lacks jurisdiction. *Id.* at 4–5. Furthermore, the government contends that none of the constitutional or statutory provisions invoked by Plaintiff is a money-mandating source of law. *Id.* at 5–7. Finally, the government alternatively seeks dismissal pursuant to RCFC 12(b)(6) because Plaintiff's "claims do not rise above a speculative level and provide no plausible claim upon which relief can be granted." *Id.* at 7.

Plaintiff filed a response to the government's motion, but she failed to substantively address any of the government's arguments, instead claiming that "there have been no judicial courts in America since 1789 [and that] [j]udges do not enforce statutes and codes; executive administrators enforce statutes and codes." ECF No. 12 at 1. Also, Plaintiff suggests that the Eleventh Amendment removed all "judicial power" from inferior courts. *Id.* at 3.[4] The government filed a short reply brief, explaining that Plaintiff failed to address any of its contentions and arguing that her other "arguments" are irrelevant to whether the Court has subject matter jurisdiction over her claims. *See generally* ECF No. 15.

## DISCUSSION

**A.   Legal Standard**

The United States Court of Federal Claims, like all federal courts, is a court of limited jurisdiction. Under the Tucker Act, this Court may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States . . . ." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007)). Rather, to state a claim within this Court's Tucker Act jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Id*. Stated differently, a plaintiff must state a claim based on a provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (citing *United States v. Testan*, 424 U.S. 392, 400 (1976)), and is "reasonably amenable to the reading that it mandates a right of recovery in damages," *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).

"It is not unusual for non-lawyers representing themselves . . . to misunderstand the nature of our court's jurisdiction." *Hawkins v. United* States, No. 19-1672 C, 2021 WL 4480876, at *5 (Fed. Cl. Sept. 30, 2021). Nonetheless, while pleadings filed by a *pro se* litigant are held to "less stringent standards than formal pleadings by lawyers," *Haines v. Kerner*, 404

---

[4] Plaintiff also filed a largely nonsensical motion for summary judgment, which likewise does not address any of the government's contentions regarding this Court's lack of jurisdiction. *See* ECF No. 13. The Court entered an order extending the deadline by which the government shall respond to the motion for summary judgment, if necessary, until after the Court resolves the government's motion to dismiss. *See* ECF No. 18.

3

U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

**B.    Analysis**

The Court can swiftly dismiss this case as it is entirely clear that it lacks subject matter jurisdiction over Plaintiff's claims. First, the jurisdictional statutes that Plaintiff cites do not relate to the jurisdiction of the United States Court of Federal Claims. *See* Compl. at 2. Plaintiff alleges that this Court has jurisdiction under 28 U.S.C. § 1331 but that provision governs the jurisdiction of federal district courts. *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) ("The Court of Federal Claims is not a district court of the United States . . . ."); *Allbritton v. United States*, 178 F.3d 1307 (Fed. Cir. 1998) (per curiam) (noting 28 U.S.C. § 1331 does not confer jurisdiction on the Court of Federal Claims). Plaintiff also suggests that 28 U.S.C. § 1346(a)(1) provides a basis for jurisdiction here, but that is similarly misplaced because it pertains to "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . ." Plaintiff's complaint clearly alleges no such claims. Additionally, 28 U.S.C. § 1346(b)(1) does not help Plaintiff because the statute does not mention the jurisdiction of this Court; instead, it "confers jurisdiction upon certain federal courts—but not this Court—over civil actions 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Stephens*, 165 Fed. Cl. at 351 (citing 28 U.S.C. § 1346(b)(1)). Finally, Plaintiff alleges that the Court has jurisdiction under 15 U.S.C. § 1681(p), Compl. at 2, which is a section of the Fair Credit Reporting Act ("FCRA") that provides a private right of action "in any appropriate United States district court . . . or in any other court of competent jurisdiction." 15 U.S.C. § 1681(p). However, the FCRA "contains its own 'detailed remedial scheme' that 'exclude[s] alternative relief under the general terms of the Tucker Act.'" *Stephens*, 165 Fed. Cl. at 351 (citing *United States v. Bormes*, 568 U.S. 6, 14–15 (2012) (prohibiting use of FRCA and the Tucker Act to "create an action against the United States")); *see also King v. United States*, 112 Fed. Cl. 396, 401 n.6 (2013) (finding that "the federal district courts have displaced the [Court of Federal Claims] under FCRA").

Second, Plaintiff's claims are not truly against the United States, but instead are against two private companies, Midland Mortgage and US Mortgage Corporation. As an initial matter, a large portion of her complaint is nearly identical to one she previously filed against Midland Mortgage in district court. *Compare* Complaint, *Stephens v. Midfirst Bank*, No. 4:22–cv–242–JFH–JFJ (N.D. Okla. filed June 3, 2022), ECF No. 1 at ¶¶ 14–23 *with* Compl. at ¶¶ 2–10, 16. The exhibits Plaintiff attached to her complaint also confirm that her claim is not properly against the United States. One exhibit is a closing disclosure regarding a mortgage loan with US Mortgage Corporation, *see* ECF No. 1-2 at 5–9, another is a compilation of letters Plaintiff sent to Midland Mortgage regarding her claims and her mortgage, *see id.* at 11–24, and finally,

Plaintiff attached a letter from a collector regarding debt owed to Midland Mortgage,[5] *see id.* at 26.[6]  Because Plaintiff's Complaint plainly seek relief against an entity or entities other than the United States, this Court lacks jurisdiction pursuant to 28 U.S.C. § 1491(a).  *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); *accord Langan v. United States*, 812 F. App'x 982, 985 (Fed. Cir. 2020) ("The essence of [plaintiff's] complaint appears to relate to actions by banks . . . . To the extent the complaint sought relief against defendants other than the United States, including private parties . . . the Claims Court correctly dismissed those claims.").  Although Plaintiff invokes the United States as a defendant, the "complaint must not only name the United States as the defendant, but its allegations also must implicate the United States." *Hankins v. United States*, No. 21–2138 C, 2022 WL 128839, at *4 (Fed. Cl. Jan. 14, 2022).  Here, considering the obvious recycling of the allegations made in her action in district court against Midland Mortgage and the attachments to the complaint, the allegations clearly do not implicate the United States.  As a result, this Court lacks subject matter jurisdiction.

Even if Plaintiff's claims were properly set forth against the United States, the constitutional and statutory provisions that she cites are not money-mandating and do not confer subject matter jurisdiction on this Court.  Plaintiff baldly lays out a number of constitutional provisions that the United States has purportedly violated, including Article I, Section 10 and the First, Fourth, Tenth, Eleventh, and Thirteenth Amendments.  Compl. at 2.  However, none of these constitutional provisions are money-mandating.  *See United States v. Connolly*, 716 F.2d 882, 887–88 (Fed. Cir. 1983) (holding that, "on any theory, the Claims Court lacks jurisdiction over [a plaintiff's] first amendment claim"); *Drake v. United States*, 792 F. App'x 916, 920 (Fed. Cir. 2019) ("The Court of Federal Claims does not have jurisdiction to render judgment on claims arising under the Fourth Amendment."); *Taebel v. United States*, No. 18–25 C, 2018 WL 385563, at *1 (Fed. Cl. Jan. 11, 2018) ("The text of the Tenth Amendment says nothing about the payment of money, as our court has frequently held."); *Fullard v. United States*, 78 Fed. Cl. 294, 301 n.12 (2007) (holding that the Eleventh Amendment has no application in the United States Court of Federal Claims); *Smith v. United States*, 36 F. App'x 444, 446 (Fed. Cir. 2002) (concluding that "the Court of Federal Claims lacks jurisdiction over the [Thirteenth Amendment] Claims").  Additionally, Plaintiff alleges that the United States violated a number of criminal statutes, including 18 U.S.C. §§ 242, 878, 894, 1341, and 1961.  *See generally* Compl. at 4–11.  The Court likewise lacks jurisdiction to adjudicate any claims purportedly arising under criminal statutes.  *See Maehr v. United States*, 767 F. App'x 914, 917 (Fed. Cir. 2019) ("Nor does the Court of Federal Claims have jurisdiction over criminal proceedings."); *see also Johnson v. United States*, 144 Fed. Cl. 578, 582 (2019) ("The jurisdiction of the United States Court of Federal Claims does not include jurisdiction over criminal causes of action.") (citations omitted); *Davenport v. United States*, No. 17–1122 C, 2017 WL 5988354, at *3 (Fed.

---

[5] It appears that at some point Midland Mortgage acquired Plaintiff's mortgage from US Mortgage Corporation, becoming the servicer of the loan.  ECF No. 1-2 at 26.

[6] Under Rule 10(c), a "copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."  RCFC 10(c).  Thus, on a motion to dismiss, this Court considers "documents incorporated into the complaint by reference[.]" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Rocky Mt. Helium, LLC v. United States*, 841 F.3d 1320, 1325 (Fed. Cir. 2016) (quoting *Tellabs, Inc.*, 551 U.S. at 322).

Cl. Dec. 4, 2017) ("[T]his Court does not exercise jurisdiction over criminal claims, deeming allegations of criminal acts under Title 18 of the United Sates Code improper in this Court."); *Stephens*, 165 Fed. Cl. at 349 (dismissing Plaintiff's 15 U.S.C. § 78ff claim for lack of subject matter jurisdiction).

Beyond the constitutional and criminal statutory provisions, Plaintiff references a panoply of other statutes ranging from the Sherman Act, 15 U.S.C. § 1, *et seq.*, to provisions of the TILA, 15 U.S.C. §§ 1601, *et seq.*, to sections of the FDCPA, 15 U.S.C. §§ 1692, *et seq.* First, the Court does not have jurisdiction over antitrust claims. *See Davenport*, 2017 WL 5988354, at *3 ("The Sherman Act, an antitrust statute, is also not money-mandating."); *Phillips v. United States*, No. 17–968 C, 2017 WL 5248201, at *5 (Fed. Cl. Nov. 13, 2017) ("Jurisdiction to entertain claims brought pursuant to the Sherman Act is also explicitly committed to the United States district courts."). The Court similarly lacks jurisdiction over Plaintiff's allegations, Compl. at 5, that the United States violated various provisions of the TILA. *See Daniels v. United States*, No. 17–1598 C, 2018 WL 1664476, at *6 (Fed. Cl. Apr. 6, 2018) ("[T]he Truth in Lending Act 'create[s] no private right of action enforceable against the federal government for money damages.'") (citing *Wilson v. United States*, 404 F. App'x 499, 501 (Fed. Cir. 2010) (holding that the TILA is not money-mandating within the meaning of the Tucker Act)). Additionally, the TILA exempts the United States from damages and civil or criminal penalties. *See* 15 U.S.C. § 1612(b); *see also Caster v. United States* (In re *Caster*), 77 B.R. 8, 10 (Bankr. E.D. Pa. 1987) ("Since 15 U.S.C. § 1612 appears to exempt the [United States] from civil liability and the Debtor has failed to prove the existence of any TILA violations, the Debtor's TILA claim must fail."). Finally, Plaintiff alleges that the United States violated the FDCPA, specifically 15 U.S.C. §§ 1692e and 1692f. Compl. at 7–8. Again, the Court does not have jurisdiction to adjudicate Plaintiff's FDCPA claim. *See Ali v. United States*, No. 19–586 C, 2019 WL 3412313, at *5 (Fed. Cl. July 29, 2019) ("This court also lacks jurisdiction to hear claims invoking the [FDCPA]."). As Judge Roumel explained in a prior decision dismissing a complaint brought by Plaintiff in this Court, "federal employees are expressly excluded from the definition of 'debt collector' established in 15 U.S.C. § 1692a(6)(C), so section 1692e [and 1692f] afford[] Plaintiff no relief against Defendant." *Stephens*, 165 Fed. Cl. at 350. Additionally, the FDCPA contains its own remedial framework, which "provides that '[a]n action to enforce any liability created by this subchapter may be brought in an appropriate United States district court.'" *Id.* (citing 15 U.S.C. § 1692k(d)). "Because Plaintiff may seek relief—to the extent any exists—according to the terms of the FDCPA, the FDCPA 'displaces the Tucker Act and thus deprives this court of jurisdiction.'" *Id.* (quoting *Ali*, 2019 WL 3412313, at *5).

Plaintiff's allegations also include references to several even less relevant statutes. For example, she alleges that the United States is in violation of 33 U.S.C. § 931(c), but that provision is part of the Longshore and Harbor Workers' Compensation Act ("LHWCA"). *See* 33 U.S.C. §§ 901, *et seq.* "Congress' overriding purpose in enacting the LHWCA was to provide consistent workers' compensation coverage to eligible longshore and harbor workers." *Kollias v. D & G Marine Maintenance*, 29 F.3d 67, 74 (2d Cir. 1994). The LHWCA is not applicable to the Court's jurisdiction and Plaintiff cannot demonstrate how the United States could have violated 33 U.S.C. § 931(c). Additionally, Plaintiff appears to allege that the United States violated U.C.C. § 1-304, which provides that "[e]very contract or duty within [the Uniform Commercial Code] imposes an obligation of good faith in its performance and enforcement."

6

Unfortunately for Plaintiff, she is unable to allege the formation of a contract with the United States, let alone one that would fall within the purview of the Uniform Commercial Code.  The Court lacks jurisdiction over a UCC claim in any event.  *See Spencer v. United States*, 98 Fed. Cl. 349. 357 (2011) ("It is unclear how the UCC has any relevance to the occurrences described in the complaint.  Nevertheless, to the extent that plaintiff brings claims based upon the UCC, the court lacks jurisdiction."); *see also Clark v. United States*, 116 F. Appx. 278, 279 (Fed. Cir. 2004) (per curiam) (affirming the dismissal of claims alleging violations of the UCC because its provisions do not mandate the payment of money damages).  Next, Plaintiff's invocation of 42 U.S.C. § 1985, *see* Compl. at 4, is inappropriate because it "concerns violations of civil rights law, which fall within the jurisdiction of the district courts rather than this Court."  *Stephens*, 165 Fed. Cl. at 350; *see also* 28 U.S.C. § 1343(a)(4) ("The district courts shall have original jurisdiction of any civil action . . . [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.").

Despite her numerous citations to the Constitution, statutes, and various regulations, Plaintiff cannot establish that this Court has jurisdiction over any of her claims.  Additionally, none of her factual allegations remotely suggest the existence of any money-mandating source of law.  Indeed, it appears this suit is largely a reconfiguration of her case pending in district court against private entities.  As a result, the Court must grant the government's motion and dismiss Plaintiff's case for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion to dismiss Plaintiffs' complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction.  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

                                                                                   s/ Zachary N. Somers
                                                                                   ZACHARY N. SOMERS
                                                                                   Judge